IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-MJ-1108-RJ-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JASON RESHAN PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court April 10, 2017, for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On March 31, 2017, the government charged Defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [DE-1]. At the hearing the government presented the testimony of FBI Task Force Officer Lonnie Waddell. Defendant presented no evidence on the issue of probable cause. However, Defendant moved for a continuance on the issue of detention in order to present a third-party custodian. After careful consideration of the evidence presented, the court found probable cause to support the charges of the criminal complaint. The court continued the matter to April 14, 2017, for further hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. [DE-11].

At the hearing on April 14, 2017, Defendant presented no evidence. The court has considered the hearing testimony of TFO Waddell, the complaint affidavit and the pretrial services report, which was prepared by the Office of Pretrial Services and provided to the parties in advance of the hearing. The court finds that the law requires Defendant be detained pending further

proceedings based on the following principal findings and reasons: (1) the nature of the offense and the strength of the government's case; (2) the lack of a third-party custodian or other viable release plan; (3) Defendant's criminal history, including committing offenses while on pre-trial diversion and probation; (4) the allegation that the instant offense occurred while Defendant was on probation; (5) Defendant's extensive out of district ties, including ties suggestive of criminal conduct; (6) and other reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

SO ORDERED, the 14th day of April 2017.

Robert B. Jones, Jr.,
United States Magistrate Judge